UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

OVELL T. BARBER, #1172388,

    Petitioner,

v.                                                                                   ACTION NO. 2:16cv17

HAROLD CLARKE,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on Ovell T. Barber's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the respondent's motion to dismiss, ECF No. 9. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 9, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. STATEMENT OF THE CASE

Barber is in state custody pursuant to convictions in the Norfolk Circuit Court. On July 27, 1989, Barber pled guilty to first-degree murder and failure to appear. *Commonwealth v. Barber*, CR881521F11C/F1439-89 (Va. Cir. Ct.). On September 19, 1989, Barber was

sentenced to ninety years in prison for first-degree murder and one year in prison for failure to appear.[1] *Id.* Barber did not file an appeal.

Over thirteen years later, on January 22, 2003, Barber filed a motion to vacate in the Norfolk Circuit Court. In the motion, Barber alleged that the court lacked jurisdiction to accept his guilty plea for first degree murder because the indictment was defective. On May 26, 2004, the Norfolk Circuit Court denied Barber's motion. *Commonwealth v. Barber*, CR03002675. On December 1, 2004, the Supreme Court of Virginia refused his petition for appeal. *Barber v. Commonwealth*, Record No. 041543.

On April 16, 2013, Barber filed a second motion to vacate, this time in the Buchanan County Circuit Court. In this motion, Barber alleged that his attorney conspired with the Commonwealth's Attorney to fraudulently convince him to plead guilty to a first-degree murder indictment, which he alleges was, in fact, a second-degree murder indictment. On May 14, 2013, the Commonwealth moved to transfer venue to the Norfolk Circuit Court, where the judgment was rendered and all related records were located. On May 30, 2013, the Buchanan County Circuit Court granted the motion and transferred Barber's second motion to vacate to the Norfolk Circuit Court. On July 9, 2013, the Norfolk Circuit Court denied Barber's second motion to vacate. *Barber v. Commonwealth*, Case No. CL13-4611. On January 27, 2014, the Supreme Court of Virginia dismissed his appeal for insufficient assignments of error pursuant to Rule 5:17(c)(1)(iii).[2] *Barber v. Commonwealth*, Record No. 131296.

---

[1] In the present petition, Barber does not challenge his conviction for failure to appear.

[2] Rule 5:17(c)(1)(iii) of the Rules of the Supreme Court of Virginia states:
    An assignment of error that does not address the findings or rulings in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence, is not sufficient. An assignment of error in an appeal from the Court of Appeals to the Supreme

2

On August 19, 2015, Barber filed a pleading, titled "60B Motion,"[3] in the United States District Court for the Western District of Virginia, which promptly transferred the motion to this Court on August 21, 2015. Barber's filing could not proceed as a Rule 60(b) motion in this Court because such a motion must be brought in the court that rendered the contested judgment, which, in this case, is the Norfolk Circuit Court. *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 78 (5th Cir. 1970) (stating that a 60(b) motion must be filed "in the . . . court and in the action in which the original judgment was entered"); *Taft v. Donellan Jerome, Inc.*, 407 F.2d 807, 809 (7th Cir. 1969) (noting that a Rule 60(b) motion "must be brought in the court which rendered the original judgment"). In his petition, Barber alleged that his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution were violated when his counsel and the Commonwealth's Attorney conspired to fraudulently induce him to plead guilty to a first-degree murder indictment that he contends was, instead, a second-degree murder indictment. *Barber v. Clarke*, Action No. 2:15cv374, (E.D. Va. July 27, 2016), ECF No. 1. Barber's filing challenged the constitutionality of his state court conviction, and the Court construed the filing as a section 2254 habeas petition. On April 18, 2016, the undersigned

---

Court which recites that 'the trial court erred' and specifies the errors in the trial court, will be sufficient so long as the Court of Appeals ruled upon the specific merits of the alleged trial court error and the error assigned in this Court is identical to that assigned in the Court of Appeals. If the assignments of error are insufficient, the petition for appeal shall be dismissed.

[3] Rule 60(b) allows a court to:
relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

3

recommended that the respondent's motion to dismiss be granted and the first petition for a writ of habeas corpus be denied and dismissed with prejudice. *Id.* at ECF No. 22. The report and recommendation was adopted on July 27, 2016. *Id.* at ECF No. 24.

On January 5, 2016, Barber filed the pending petition for a writ of habeas corpus, claiming that the Virginia Department of Corrections ("VDOC") incorrectly computed his total Virginia sentences of 94 years, 2 months, and 95 days instead of 90 years, thus unlawfully lengthening his incarceration. ECF No. 1 at 6. Barber asks the Court in this second petition to correct his sentence computation. Barber states that as of July 30, 2015 – twenty days prior to filing his first petition for writ of habeas corpus – he knew of the claim which forms the basis of his new petition. ECF No. 1 at 13.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court **RECOMMENDS** that Barber's present petition be **DISMISSED** as a successive petition and as barred by the statute of limitations.

### A. Second or Successive Petition

Barber's petition for a writ of habeas corpus must be dismissed because his petition is successive. Pursuant to 28 U.S.C. § 2244(b), when a claim presented in a successive habeas corpus petition was not presented in the original petition, the district court must dismiss the successive petition unless a panel of the court of appeals grants an order for review of the application. The panel may grant such an order based upon a showing that petitioner's claim (1) relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or (2) relies on facts that could not have been previously discovered by due diligence and which sufficiently establish "by clear and convincing evidence that, but for

4

constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

Barber states that, as of July 30, 2015, he knew of the claim raised in the pending petition. ECF No. 1 at 13. Although Barber's first petition for a writ of habeas corpus was filed on August 19, 2015 – twenty days later – he did not include the claim now presented. Because Barber has neither received an order from the United States Court of Appeals for the Fourth Circuit granting review of the application, nor has he demonstrated the requisite standard for obtaining said order under 28 U.S.C. § 2244(b)(2)(B), Barber's successive petition should be dismissed.

**B.     Statute of Limitations**

Barber filed this current petition on January 5, 2016 prior to the Court entering a Report and Recommendation on April 18, 2016 construing his previous Rule 60(b) motion as a section 2254 petition. *Barber v. Clarke*, Action No. 2:15cv374, ECF No. 22 at 3. Therefore, even if Barber's current petition is not considered a successive petition because he denominated his original pleading as a Rule 60(b) motion (rather than as a habeas petition), the current petition is also barred by the statute of limitations.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), section 2254 petitioners are subject to a one-year statute of limitations, which begins to run from "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). This time period tolls when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2). The time period in which a habeas petition is pending in federal court does not toll the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

Barber's state court conviction became final on October 19, 1989.[4] Because this date precedes the enactment of AEDPA, which occurred on April 24, 1996, Barber had a one-year grace period from AEDPA's effective date in which to file a federal habeas petition. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). Accordingly, Barber had until April 23, 1997 to file his habeas petition in this Court. Any motions that Barber filed in state court, in 2003 and 2013, did not toll the statute of limitations because he filed them after AEDPA's limitations period expired. Barber did not file his habeas petition in this Court until January 5, 2016, far outside the one-year statute of limitations prescribed by AEDPA.

Barber attempts to circumvent the one-year statute of limitations requirement by claiming that he did not learn of the VDOC sentence computation until July 30, 2015. ECF No. 1 at 13. Pursuant to 28 U.S.C. § 2244(d)(1)(D), "[t]he limitation period shall run from the latest of . . . the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence." According to Wendy K. Brown, the Legal Services and Community Release Manager for the VDOC, a Legal Update was sent to Barber on January 6, 1993, explaining his total computed VDOC sentence to be 94 years, 2 months, and 95 days. ECF No. 10-2 at 8. Having received notice of his sentence computation by means of this Legal Update on January 6, 1993, Barber filed this petition 22 years, 11 months, and 30 days past the date that the cause of action accrued.

Even if Barber did not see the Legal Update shortly after it was delivered on January 6, 1993, the Legal Update was clearly available. By exercising due diligence, Barber should have

---

[4] If a state prisoner does not appeal the state court judgment, the conviction becomes final when the time for filing an appeal expires. 28 U.S.C. § 2244(d)(1)(A). Here, Barber's state court judgment was entered on September 19, 1989, *Commonwealth v. Barber*, CR881521F11C/F1439-89 (Va. Cir. Ct.), and the time to appeal his state court judgment expired thirty days later on October 19, 1989. Va. Sup. Ct. R. 5A:6(a).

learned of the sentence computation within the past 23 years, and well before July 30, 2015. Barber did not need to exhaust every possible option in learning of the January 6, 1993 Legal Update. *Aron v. United States*, 291 F.3d 708, 709 (11th Cir. 2002) (explaining that "[d]ue diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts."). However, he presented no evidence of actions (reasonable or exhaustive) taken in the past 23 years to learn about the information contained within the Legal Update. Accordingly, because Barber has failed to present even a modicum of evidence showing that he exercised due diligence with regards to obtaining his VDOC sentence computation, the Court **RECOMMENDS** that Barber's petition be **DISMISSED** as barred by AEDPA's statute of limitations.

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 9, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE** as a successive petition that is also barred by the statute of limitations.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served

with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
October 12, 2016